[5]
Brian A. Barboza (SBN 257423)
Staff Attorney
Chapter 13 Standing Trustee
P.O. Box 3051
Modesto, CA 95353-3051
Tel (209) 576-1954
Fax (209) 576-7984
E-mail: info@mod13.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 25-25325 |
| JUAN JOSE ALVAREZ, | DC NO.  NAR-1 |
| | Chapter 13 |
| Debtor. | CHAPTER 13 TRUSTEE'S MOTION TO JOIN OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION BY CREDITOR ERIKA ALVAREZ |
| | Date:  February 24, 2026 |
| | Time: 9:00 AM |
| | Place: U.S. Bankruptcy Court |
| | 501 I Street |
| | Seventh Floor, Courtroom 28 |
| | Sacramento, CA 95814 |
| | JUDGE: Honorable Fredrick E. Clement |

LILIAN G. TSANG, Chapter 13 Trustee in the above-mentioned matter moves the Court for an order authorizing her to join the Objections to Debtor's Claim of Homestead Exemption filed by creditor Erika Alvarez and joined by the Chapter 7 Trustee Loris Bakken on the following grounds:

///

///

///

///

///

-1-

**Statement of Facts**

1. On September 29, 2025, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. (Dkt. 1.)

2. On November 26, 2025, creditor Erika Alvarez filed an objection to Debtor's claim of the homestead exemption. (Dkt. 17.)

3. Also on November 26, 2025, creditor Dianne Buttler filed an objection to Debtor's claim of the homestead exemption. (Dkt. 20.)

4. On December 4, 2025, Debtor filed a Motion for Voluntary Conversion From Chapter 7 to Chapter 13. (Dkt. 25.)

5. On December 22, 2025, Chapter 7 Trustee, Loris Bakken, filed a legal brief and joinder to creditor Erika Alvarez's objection to Debtor's claim of the homestead exemption. (Dkt. 37.)

6. Also on December 22, 2025, Chapter 7 Trustee, Loris Bakken, filed a legal brief and joinder to creditor Dianne Butler's objection to Debtor's claim of the homestead exemption. (Dkt. 41.)

7. On January 5, 2026, the Court, in the Civil Minute(s), acknowledging it has granted Debtor's motion to convert the case to Chapter 13, further ordered "…to preserve the Chapter 13 trustee's right to be heard, the court hereby makes Federal Rules of Bankruptcy Procedure 7019-7020 (joinder) applicable to these proceedings. Fed. R. Bankr. 9014(c) (authorizing the court make other rules applicable). Not later than February 10, 2026, the [Chapter 13] trustee shall file a joint status conference statement and/or motion to join existing objections. No other filings are authorized, and the court will treat the hearing on February 24, 2026, as a status conference." (Dkt. Nos. 50 & 51.)

8. On January 7, 2026, the Cout entered the order converting the case from Chapter 7 to Chapter 13. (Dkt. 54.)

9. Lilian G. Tsang has been duly appointed as the Chapter 13 standing trustee in this bankruptcy case.

10. The initial meeting of creditors in the Chapter 13 case has not been held and is scheduled for February 25, 2026.

///

///

-2-

**Request For Joinder**

Pursuant to the Court's Order, Federal Rules of Bankruptcy Procedure 7019 and 7020 are applicable to the pending objection to Debtor's claim of the homestead exemption. (Dkt. 50 & 51.) Federal Rule of Bankruptcy Procedure 7019 incorporates Federal Rule of Civil Procedure 19. Federal Rule of Bankruptcy Procedure 7020 incorporates Federal Rule of Civil Procedure 20.

**a. Required Joinder of Parties - Federal Rule of Civil Procedure 19**

Federal Rule of Civil Procedure 19 states:

(a) Persons Required to Be Joined if Feasible.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19

Since Ms. Tsang has been duly appointed as the trustee in this Chapter 13 case, she is an interested party and has standing to ensure that unsecured creditors receive the "value, as of the effective date of the plan, property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount than that would be paid on such claim if the estate were liquidated under Chapter 7 of this title on such date." [11 U.S.C. § 1325(a)(4)] Resolution to the objections to the homestead exemption claim is necessary to determine the liquidation value of the bankruptcy estate and therefore how much the Chapter 13 plan must pay to unsecured creditors.

///

///

///

-3-

If Trustee Tsang is prohibited from joining the objection to the homestead exemption, it will impair and impede her statutory right to ensure the chapter 13 plan is meeting the best interests of creditors test. A review of the pleadings in this matter reveals that the homestead exemption is not proper. Due to the recent conversion to chapter 13 and the meeting of creditors having not yet been conducted, Trustee Tsang has no additional facts to assert or legal arguments to raise. Trustee Tsang incorporates by reference herein all factual allegations and legal arguments proffered in the objection to the claimed homestead exemption filed by Erika Alvarez and the legal brief filed by the Chapter 7 Trustee Loris Bakken. (Dkts. 17 & 37.)

**b. Permissive Joinder of Parties - Federal Rule of Civil Procedure 20**

Federal Rules of Civil Procedure 20 states:

(a) Persons Who May Join or Be Joined.

(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20

As set forth above, Trustee Tsang needs to ensure that Debtor's Chapter 13 Plan is meeting the hypothetical chapter 7 liquidation test. The Chapter 13 Trustee's objection to the homestead exemption arises out of the same transaction and occurrence as the objection filed by Erika Alvarez and the legal brief filed by Chapter 7 Trustee Loris Bakken. (Dkts. 17 & 37.) Moreover, all pertinent questions of law and fact in the Chapter 13 Trustee's objection are common to the objections of Erika Alvarez and Chapter 7 Trustee Loris Bakken, arising in this action.

Due to the recent conversion to chapter 13 and the meeting of creditors having not yet been conducted, Trustee Tsang has no additional facts to assert or legal arguments to raise. Trustee Tsang incorporates by reference herein all factual allegations and legal arguments proffered in the objection to the claimed homestead exemption filed by Erika Alvarez and legal brief filed by Chapter 7 Trustee Loris Bakken. (Dkts. 17 & 37.)

///

WHEREFORE Chapter 13 Trustee requests the Court enter an order authorizing the Joinder of the Trustee to the objection to the claimed homestead exemption filed by creditors Erika Alvarez and joined by Chapter 7 Trustee Loris Bakken.

Date: February 4, 2026

Respectfully Submitted,

/s/ Brian A. Barboza
Brian A. Barboza
Staff Attorney for
Lilian G. Tsang, Chapter 13 Trustee